IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| ELIZABETH LYNN MOULTRAY,<br><br>Plaintiff,<br><br>vs.<br><br>MEMBERCARE, a brand of APCO<br>HOLDINGS LLC,<br><br>Defendant. | CV 26–27–GF–DWM<br><br><br>ORDER |

On February 26, 2026, Plaintiff Elizabeth Moultray sued Defendant

Membercare A Brand of APCO Holdings LLC ("Membercare") for denying

coverage for engine repairs on her 2017 Nissan truck. (*See* Docs. 4, 5.) Moultray

alleges state law claims for breach of contract, breach of the implied covenant of

good faith and fair dealing, and violations of the Montana Unfair Trade Practices

and Consumer Protection Act. (*Id.*) She has also pled a federal claim for

violations of the Magnuson-Moss Warranty Act, 15 U.S.C. §§ 2301, et seq. (*Id.*)

On March 19, 2026, Membercare removed the action to this Court based on federal

question jurisdiction under 28 U.S.C. §§ 1331 and 1441. (Doc. 1.) Moultray filed

a motion to remand that same day. (Doc. 9.) On March 26, 2026, Membercare

filed a motion to compel arbitration and stay the case. (Doc. 15.) On April 21,

Moultray requested judicial notice of public regulatory records. (Doc. 31.) For the

1

reasons stated below, Moultray's motion to remand is denied, and Membercare's motion to compel arbitration is granted. This matter is stayed pending the outcome of those proceedings. Moultray's request for judicial notice is denied as moot.

## I.    Remand

Moultray seeks remand on the grounds that Membercare's notice of removal was procedurally defective for relying on her original Complaint instead of her Amended Complaint and this Court lacks subject matter jurisdiction because the federal question at issue is merely incidental to her state law claims. Neither argument has merit.

Moultray insists that Membercare's notice of removal is procedurally defective because it failed to include her amended complaint, which was filed with the state court on March 17, 2026, (*see* Doc. 5), two days before removal occurred. This threshold argument fails because that amended pleading had not been served on Membercare at the time of removal, *see* Mont. R. Civ. P 5(b)(2)(E) (only permitting service by electronic means "if the person consented in writing"), and, even if it had, the procedural issue is "*de minimis*" and "curable" because the two pleadings provide identical jurisdictional grounds for removal, *Kuxhausen v. BMW Fin, Servs. NA LLC*, 707 F.3d 1136, 1142–43 (9th Cir. 2013). Irrespective of which pleading controls, federal jurisdiction exists. Both Moultray's original complaint and her Amended Complaint contain a Magnuson-Moss Warranty Act

claim.  (*Compare* Doc. 4 at 7–9, *with* Doc. 5 at 7–9.)  "[T]he Magnuson–Moss Warranty Act creates a federal private cause of action for a warrantor's failure to comply with the terms of a written warranty[.]"  *Milicevic v. Fletcher Jones Imps., Ltd.*, 402 F.3d 912, 917 (9th Cir. 2005).  While Moultray argues that the "core" of her action "lies in Montana law," (Doc. 9 at 6), she has expressly pled a federal cause of action created by the Magnuson-Moss Warranty Act, *see* 15 U.S.C. § 2310(d)(1)(B), and her Amended Complaint  satisfies the requisite statutory $50,000 amount-in-controversy requirement, *see id.* § 2310(d)(3)(B); (Doc. 5 at 8–9).  Accordingly, Moultray's motion to remand is denied.

## II.    Arbitration

Under the Federal Arbitration Act, a court's role is "limited to determining (1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue."  *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000) (citing 9 U.S.C. § 4).  "By its terms, the Act leaves no place for the exercise of discretion by a district court, but instead mandates that district courts *shall* direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed."  *Id.* (internal quotation marks omitted).  And where an arbitration agreement contains a delegation clause, a court's role further narrows: absent a successful challenge directed to the delegation provision or as to whether any arbitration agreement was

3

formed at all, gateway questions of scope and enforceability go to the arbitrator. *Caremark, LLC v. Chickasaw Nation*, 43 F.4th 1021, 1029 (9th Cir. 2022).

Membercare's motion to compel arbitration is granted because the "Vehicle Service Contract" (the "Contract") at issue contains a valid agreement to arbitrate that encompasses Moultray's claims. (*See* Doc. 24-2.)  Section 10 of the Contract requires arbitration of all claims "related in any way" to the Contract, including claims arising under contract, tort, statute, regulation, rule, ordinance, or equity. (*Id.* at 7.)  Moultray's claims for breach of contract, breach of the implied covenant, Montana consumer-protection violations, and Magnuson-Moss Warranty Act violations all arise from Membercare's refusal to authorize or reimburse repairs under the Contract.  Moultray insists that the Contract is the functional equivalent of insurance and therefore its arbitration provision is unenforceable under Montana law.  *See* Mont. Code Ann. § 27-5-114(2)(c).  Not so.  Montana separately regulates service contracts and reimbursement insurance policies.  Title 30 of the Montana Annotated Code defines a "service contract" as a separate agreement to repair, replace, maintain, or indemnify against certain property failures, which can cover specified motor-vehicle products.  Mont. Code Ann. § 30-14-1301(8)(a), (b).  The same section separately defines a "reimbursement insurance policy" as a policy issued to the provider to reimburse the provider or, in the event of nonperformance, to pay the provider's covered contractual obligations.

4

Mont. Code Ann. § 30-14-1301(6).  Title 33 states that Montana's insurance code "does not apply to the marketing of, sale of, offering for sale of, issuance of, making of, proposal to make, and administration of a service contract governed by [the relevant part of] Title 30."  Mont. Code Ann. § 33-1-102(10).  Here, the Contract is labeled a "Vehicle Service Contract" and explicitly states "[t]his is not an automobile liability insurance contract."  (Doc. 24-2 at 1.)  Section 14 affirms that the provider's obligations are insured under a "service contract reimbursement insurance policy."  (*Id.* at 8.)  Montana law specifically requires service contracts backed by reimbursement insurance to disclose that fact.  Mont. Code Ann. § 33-14-1304(1), (2).  Because the Contract is not an insurance policy under Mont. Code Ann. § 27-5-114(2)(c), Moultray's argument fails.  For this same reason, Moultray's request for judicial notice, which regards regulatory records reflecting the insurance licensure of Membercare, (*see* Doc. 31), is denied as moot.

Moultray's additional challenges fare no better.  Even though the Contract identifies Synergy Administrators, LLC and not Membercare as the "issuing provider/obligor and administrator," (*see* Doc. 24-2 at 2, 4), a non-signatory may compel arbitration where the plaintiff's claims make reference to or presume the existence of the written agreement and arise out of or relate directly to it, *Mundi v. Union Sec. Life Ins. Co.*, 555 F.3d 1042, 1046 (9th Cir. 2009).  Moultray cannot sue Membercare to enforce the Contract while disavowing the arbitration provision

5

contained in that same document.  Nor has Moultray shown that the Contract is unconscionable.  There is some evidence of procedural adhesiveness as this was a preprinted consumer contract presented at vehicle financing and there is no indication that Moultray negotiated the arbitration language.  But adhesiveness alone does not invalidate an arbitration provision.  *Lenz v. FSC Sec. Corp.*, 414 P.3d 1262, 1273–74 (Mont. 2018).  What matters is whether the terms "unreasonably favor[] the stronger party or [are] unduly oppressive to the weaker party."  *Id.* at 1276.  Neither is the case here.  The Contract binds both parties, providing a neutral arbitrator through the American Arbitration Association or JAMS.  It gives Moultray the right to an in-person hearing in her county, the nearest American Arbitration Association/JAMS location, or another mutually agreed location.  If she initiates through JAMS, her fees are capped at $250, and Membercare pays the remaining arbitral costs and the arbitrator's professional fees. If Membercare initiates, Membercare pays the filing fee and all arbitration costs. The clause also preserves any fee-shifting otherwise available under the law.

Finally, Membercare did not waive arbitration.  To show waiver, Moultray bears "the heavy burden of demonstrating: (1) knowledge of an existing right to compel arbitration; (2) intentional acts inconsistent with that existing right; and (3) prejudice to the person opposing arbitration from such inconsistent acts." *Armstrong v. Michaels Stores, Inc.*, 59 F.4th 1011, 1014 (9th Cir. 2023) (internal

6

quotation marks omitted). Membercare's conduct has not been inconsistent with preserving its right to arbitrate. On March 19, 2026, the same day as removal, Membercare informed Moultray that it intended to file a motion to compel arbitration. (*See* Doc. 24-1 at 2.) Membercare then answered her Amended Complaint on March 26 and asserted arbitration as an affirmative defense, filing its motion to compel the same day. (*See* Docs. 14, 15.)

Based on the foregoing, Membercare's motion to compel arbitration is granted. Section 3 of the Federal Arbitration Act provides that when any issue in a suit is subject to arbitration, the court "shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration." 9 U.S.C. § 3. The Supreme Court has held that "the use of the word 'shall' creates an obligation impervious to judicial discretion." *Smith v. Spizzirri*, 601 U.S. 472, 476 (2024) (internal quotation marks omitted). Because Membercare has requested a stay of this matter pending resolution of the arbitration proceeding, a stay is mandated here. Moultray's concern regarding the preservation of her engine does not alter Congress's statutory command.

### CONCLUSION

Accordingly, IT IS ORDERED that Moultray's motion to remand (Doc. 9) and request for judicial notice (Doc. 31) are DENIED.

7

IT IS FURTHER ORDERED that Membercare's motion to compel arbitration and stay (Doc. 15) is GRANTED. This matter is STAYED pending the outcome of the related arbitration proceeding. Membercare must file a status update every ninety (90) days beginning on September 1, 2026. Membercare must also file a notice with the Court within thirty (30) days of the resolution of the arbitration proceeding. No additional filing will be accepted while the matter is being arbitrated.

DATED this 5ᵗʰ day of May 2026.

_____
Donald W. Molloy, District Judge
United States District Court

8